## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| APNEA SCIENCES CORPORATION, a Nevada corporation,<br><br><br>Plaintiff,<br><br>v.<br><br><br>FISSIONTECH LLC, a New York limited liability company,<br><br>Defendant. | C.A. No. 1:25-cv-10328-JLR<br><br><br>**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER** |

WHEREAS, Plaintiff Apnea Sciences Corporation and Defendant Fissiontech LLC having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information").  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.      Counsel for any party may designate extremely sensitive Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious harm to the producing party that could not be avoided by less restrictive means, as

1

highly confidential.  Information and documents designated by a party as highly confidential will be stamped "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

5.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.      The requesting party and counsel, including in-house counsel;

b.      Employees of such counsel assigned to and necessary to assist in the litigation;

c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6.      Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

a.      The requesting party's outside counsel of record in this action;

b.      Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

    e.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.    Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8.    The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner.  Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.     Notwithstanding the designation of Confidential Information in discovery, there is no presumption that such information shall be filed with the Court under seal.  Any party seeking to file documents designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall meet and confer with the producing party regarding the filing of such documents under seal.  For requests to file Confidential Information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

12.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer

subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

13.    Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

Dated:  April 29, 2026
       New York, NY

___*/s/  Mark A. Finkelstein*___

Mark A. Finkelstein (admitted *pro hac vice*)
Molly J. Magnuson (admitted *pro hac vice*)
Amy E. Lesperance (NY Bar No. 5657879)
UMBERG ZIPSER LLP
1920 Main Street, Ste 750
Irvine, CA 92614
(949) 679-0052
mfinkelstein@uzllp.com
mmagnuson@uzllp.com
alesperance@uzllp.com

*Counsel for Plaintiff Apnea Sciences Corporation*

___*/s/  Seth E. Boeshore*___

Andrew P. MacArthur (NY Bar No. 4573226)
Seth E. Boeshore (admitted *pro hac vice*)
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, New York 10036
(212) 307-5500
apmacarthur@venable.com
sboeshore@venable.com

*Attorneys for Defendant Fissiontech LLC*

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein. Accordingly, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal absent an order from the Court.

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

Dated: April 30, 2026
       New York, New York

5

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| APNEA SCIENCES CORPORATION, a Nevada corporation, <br><br><br> Plaintiff, <br><br> v. <br><br> FISSIONTECH LLC, a New York limited liability company, <br><br> Defendant. | C.A. No. 1:25-cv-10328-JLR <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the

Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of

those portions of discovery material that have been designated as Confidential or Highly

Confidential – Attorneys' Eyes Only.  I agree that I will not disclose such material to anyone

other than for purposes of this litigation, and that at the conclusion of the litigation I will either

return all discovery material to the party or attorney from whom I received it, or upon permission

of the producing party, destroy such discovery material.  By acknowledging these obligations

under the Confidentiality Stipulation and Protective Order, I understand that I am submitting

myself to the jurisdiction of the United States District Court for the Southern District of New

York for the purpose of any issue or dispute arising hereunder and that my willful violation of

any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 20__

_____          _____
Name (printed)                                      Signature